## CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

LAURENT ALPERT
VICTOR I LEWKOW
LESLIE N SILVERMAN
ROBERT L TORTORIELLO
LEE C BUCHHEIT
JAMES M PEASLEE
THOMAS J MOLONEY
JONATHAN I BLACKMAN
MICHAEL L RYAN
ROBERT P DAVIS
YARON Z REICH
RICHARD S LINCER
STEVEN G HOROWITZ
JAMES A DUNCAN
STEVEN M LOEB
CRAIG B BROD
MITCHELL A LOWENTHAL
EDWARD J ROSEN
LAWRENCE B FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E AUSTIN
SETH GROSSHANDLER
WILLIAM A GROLL
HOWARD S ZELBO
DAVID E BRODSKY
ARTHUR H KOHN
RICHARD J COOPER
JEFFREY S LEWIS
PAUL J SHIM
STEVEN L WILNER
ERIKA W NIJENHUIS
LINDSEE P GRANFIELD
ANDRES DE LA CRUZ
DAVID C LOPEZ
CARMEN A CORRALES
JAMES L BROMLEY
MICHAEL A GERSTENZANG
LEWIS J LIMAN
LEV L DASSIN

NEIL Q WHORISKEY
JORGE U JUANTORENA
MICHAEL D WEINBERGER
DAVID LEINWAND
DIANA L WOLLMAN
JEFFREY A ROSENTHAL
ETHAN A KLINGSBERG
MICHAEL J VOLKOVITSCH
MICHAEL D DAYAN
CARMINE D BOCCUZZI, JR
JEFFREY D KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J RAYMOND
LEONARD C JACOBY
SANDRA L FLOW
FRANCISCO L CESTERO
FRANCESCA L ODELL
WILLIAM L MCRAE
JASON FACTOR
MARGARET S PEPONIS
LISA M SCHWEITZER
JUAN G GIRALDEZ
DUANE MCLAUGHLIN
BREON S PEACE
MEREDITH E KOTLER
CHANTAL E KORDULA
BENET J O'REILLY
DAVID AMAN
ADAM E FLEISHER
SEAN A O'NEAL
GLENN P MCGRORY
MATTHEW P SALERNO
MICHAEL J ALBANO
VICTOR L HOU
ROGER A COOPER
AMY R SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A BAREFOOT

PAMELA L MARCOGLIESE
PAUL M TIGER
JONATHAN S KOLODNER
DANIEL ILAN
MEYER H FEDIDA
ADRIAN R LEIPSIC
ELIZABETH VICENS
ADAM BRENNEMAN
ARI MACKINNON
JAMES E LANGSTON
RESIDENT PARTNERS

SANDRA M ROCKS
S DOUGLAS BORISKY
JUDITH KASSEL
DAVID E WEBB
PENELOPE L CHRISTOPHOROU
BOAZ S MORAG
MARY E ALCOCK
DAVID H HERRINGTON
HEIDE H ILGENFRITZ
HUGH C CONROY, JR
KATHLEEN M EMBERGER
WALLACE L LARSON, JR
JAMES D SMALL
AVRAM E LUFT
ANDREW WEAVER
HELENA K GRANNIS
GRANT M BINDER
JOHN V HARRISON
CAROLINE F HAYDAY
DAVID FLECHNER
RESIDENT COUNSEL

LOUISE M PARENT
OF COUNSEL

Writer's Direct Dial: +1 212 225 2508
E-Mail: cboccuzzi@cgsh.com

December 29, 2015

**BY ECF AND HAND**

Honorable Thomas P. Griesa
United States District Court for
the Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: *Seijas v. Republic of Argentina*, No. 04 Civ. 400 (TPG); and related cases

Dear Judge Griesa:

      I write in response to plaintiffs' letter dated December 22, 2015. As a result of the objections set forth in our prior letters to the Court, the *Seijas* plaintiffs have by and large fixed the various deficiencies in their proposed proof of claim form. However, as to the one outstanding issue concerning distribution of plaintiffs' form, plaintiffs have submitted a proposed order requiring the Republic to "provide *whatever* authorizations" various clearing systems "*may* require to clear away *any bureaucratic issues*" with distributing plaintiffs' proof of claim form. ECF No. 281-2 (Dec. 22, 2015) (emphasis added). We do not object in principle to providing ministerial authorizations to the clearing systems. But as we explained in our prior letters to the Court, the Court should reject paragraph four of plaintiffs' proposed order because it would impose obligations that are entirely speculative and undefined. *See* Rep. Ltr. at 2, ECF No. 280 (Dec. 17, 2015); *see also* Rep. Ltr. at 4, ECF No. 278 (Dec. 14, 2015).

      Proposed orders "should be clear, specific, and precise." *United States v. Chalmers*, No. S505 Cr. 59 (DC), 2007 WL 591948, at *3 (S.D.N.Y. Feb. 27, 2007). That is particularly true where, as here, a proposed order could have the unintended consequence of shifting burden or expense to a class action defendant, in violation of well-settled law. *See* Rep. Ltr. at 2-4, Dkt. 278 (Dec. 14, 2015) (citing precedent that plaintiffs bear the burden of establishing damages and providing notice to members of their class). Here, plaintiffs provide no explanation for what

Hon. Thomas P. Griesa, p. 2

"bureaucratic issues" they anticipate or what form or type of "authorizations" their proposed order would require. Nor have they established that complying with such obligations would be reasonable or practicable under the circumstances. Thus, the Court and the Republic are left to guess what plaintiffs' proposed order compels and whether such an order complies with the law.

Moreover, any potential benefit from the inclusion of plaintiffs' vague provision is purely hypothetical, as plaintiffs have made *no* showing that an order to provide "authorizations" is necessary to disseminating plaintiffs' proof of claim form. Instead, the only evidence in the record shows that DTC would distribute plaintiffs' form without any further action by the Republic. *See id.* at 3.

In the event the clearing systems do require action from the Republic, we can meet and confer with plaintiffs promptly to devise an appropriate solution without burdening the Court.[1] Accordingly, we respectfully request that the Court strike the fourth paragraph of plaintiffs' proposed order before entering it. Alternatively, if the Court is inclined to enter the proposed order as is, we request that the order preserves the Republic's ability to object to the extent of any improper burden or requirement sought to be imposed by plaintiffs on the Republic vis-à-vis the clearing systems.

Respectfully submitted,

Carmine D. Boccuzzi

cc: Counsel of Record (by ECF)

---

[1] We have made clear our willingness to meet and confer with plaintiffs throughout these proceedings. *See* Rep. Ltr. at 1-2, ECF No. 278 (Dec. 14, 2015). Plaintiffs' proposed order and revised proof of claim form adopt many of the edits we first proposed on December 8, demonstrating that most if not all of the parties' disputes could have been resolved with dialogue rather than letter writing to the Court, as the Court's December 1 Order instructed. *See id.*