UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Silvia Seijas, et al., | 04 Civ. 400 (LAP) |
| Plaintiffs, | |
| v. | |
| The Republic of Argentina, | |
| Defendant. | |

---

| | |
|---|---|
| Silvia Seijas, et al., | 04 Civ. 401 (LAP) |
| Plaintiffs, | |
| v. | |
| The Republic of Argentina, | |
| Defendant. | |

---

| | |
|---|---|
| Cesar Raul Castro, | 04 Civ. 506 (LAP) |
| Plaintiff, | |
| v. | |
| The Republic of Argentina, | |
| Defendant. | |

---

[captions continued on next page]

```
Hickory Securities Ltd.,                        04 Civ. 936 (LAP)

                Plaintiff,
        v.

The Republic of Argentina,

                Defendant.
_____

Claudia Florencia Valls, et al.,                04 Civ. 937 (LAP)

                Plaintiffs,
        v.

The Republic of Argentina,

                Defendant.
_____

Elizabeth Andrea Azza, et al.,                  04 Civ. 1085 (LAP)

                Plaintiffs,
        v.

The Republic of Argentina,

                Defendant.
_____
```

[captions continued on next page]

```
Eduardo Puricelli,                      04 Civ. 2117 (LAP)

            Plaintiff,
     v.


The Republic of Argentina,


            Defendant.
_____


Ruben Daniel Chorny,                    04 Civ. 2118 (LAP)

            Plaintiff,
     v.


The Republic of Argentina,              Order


            Defendant.
_____
```

LORETTA A. PRESKA, Senior United States District Court Judge:

On May 16, 2018, the law firms of Diaz, Reuz & Targ, LLP ("DRT"), Proskauer Rose, LLP ("Proskauer"), and the Law Offices of Saul Roffe, Esq. P.C. ("Roffe") (collectively, "Co-Lead Counsel") submitted a motion for reimbursement of additional litigation costs and expenses. (See ECF No. 423.) These additional litigation costs and expenses cover work that Co-Lead Counsel have undertaken in administration of the settlement and the settlement fund since Judge Griesa issued an Opinion and

Order granting Co-Lead Counsel attorneys' fees and reimbursement for costs and expenses on April 27, 2017.  (ECF No. 384.)

After reviewing the parties' papers, the Court grants Co-Lead Counsel's request for additional litigation-related costs and expenses as follows:

The Court grants Proskauer $12,683.07 for additional unreimbursed expenses that it has incurred since April 27, 2017. (Declaration of David Picon ("Picon Decl.") ¶ 3, ECF No. 427; Reply Declaration of David Picon ("Picon Rep. Decl.") ¶ 4, ECF No. 31.)  This sum represents costs and expenses for items such as mediation costs, transcripts, computerized research, and other incidental expenses.  (Picon Decl. ¶ 3, Ex. A.)  Per Proskauer's offer to withdraw its request for certain expenses based on objections from Guillermo Gleizer ("Gleizer"), (Declaration in Opposition of Guillermo Gleizer ("Gleizer Opp. Decl.") ¶¶ 8-9), this award does not include the $8,682.22 worth of costs and expenses questioned in Gleizer's declaration.[1] (Id.)

The Court also grants Proskauer's request for $11,582.89 for various litigation expenses, including distribution of class

---

[1] The Court commends Proskauer for its statesmanship in being the first to offer to withdraw its request for specific fees and costs that were called into question in the declaration of Guillermo Gleizer.  (Picon Rep. Decl. ¶ 4); (Gleizer Opp. Decl. ¶ 9.)

action notices, expert witness fees, costs incurred in preparing appellate briefs to the Court of Appeals, and obtaining copies of pleadings from court files. (Picon Decl. ¶¶ 4-5.) In his April 27, 2017 Opinion and Order, Judge Griesa reimbursed Proskauer only $5,000.00 of the $16,761.89 that it requested in connection with these costs and expenses because Proskauer denominated these expenses as "professional fees" and did not provide the Court with complete information about the source of these costs and expenses. (Id.) Proskauer has now provided the Court with this additional information, and the Court sees no reason why Proskauer should not be reimbursed for these additional litigation-related expenses as detailed above.

Accordingly, the Court grants Proskauer $24,265.96 in total for reimbursement of litigation-related costs and expenses.

The Court grants DRT $3,546.09 for additional unreimbursed litigation-related costs and expenses that it has incurred since April 27, 2017. This figure reflects the $11,804.04 that DRT initially requested for reimbursement of additional expenses and fees, (Declaration of Marta Colomar-Garcia ("Colomar-Garcia Decl.") ¶ 4, ECF No. 426), minus $8,257.95 in litigation costs and fees that Gleizer called into question in his declaration. (Declaration in Opposition of Guillermo Gleizer ("Gleizer Opp. Decl.") ¶ 9.)

With respect to the costs and expenses that Gleizer questions in his opposition, DRT does not specify adequately what these charges are in its reply declaration.  (See Reply Declaration of Marta Colomar-Garcia ("Colomar-Garcia Rep. Decl."), ECF No. 430).  This fact as well as considerations of efficiency in disbursing class members' payouts weigh in favor of not granting these fees.  Accordingly, the Court will not reimburse DRT for the $8,257.95 in costs and expenses that Gleizer questions in his declaration.

In addition, the Court grants DRT's request for reimbursement in the amount of $14,900 for services provided by expert Scott Hakala.  (Colomar-Garcia Decl. ¶¶ 6-8; Ex. B.)  In his April 27, 2017 Opinion and Order, Judge Griesa reimbursed DRT only $5,000 of the $19,900 DRT originally sought for reimbursement for services from its expert because DRT denominated these expenses as "professional fees" and did not provide the Court with complete information about the source of these costs and expenses.  (Id. ¶ 6.)  DRT has now provided the Court with this additional information, and the Court sees no reason that DRT should not be reimbursed for expert witness fees.  (Id. ¶¶ 6-7.)

Accordingly, the Court grants DRT $18,446.09 in total for reimbursement of additional costs and expenses.

Finally, the Court grants Roffe $40,764.67 for additional unreimbursed litigation costs and expenses. (Declaration of Saul Roffe ("Roffe Decl."), ¶ 2, ECF No. 425.) This sum represents $39,516.00 for brokerage account costs and fees related to the acceptance and transfer of the class bonds and payment therefor, (Roffe Decl. ¶ 3). It also includes $1,915.86 in additional costs related to administration of the settlement, (Roffe Decl. ¶ 2), minus $667.19 in legal research fees that Gleizer questioned in his declaration. (Gleizer Decl. ¶ 9.) Although Roffe does explain that this research related to the settlement brief, confirmation of holdings and market and trading issues relating thereto, and submissions by class members, (Reply Declaration of Saul Roffe "Roffe Rep. Decl.") ¶ 5, ECF No. 432), the Court declines to grant Roffe's request for fees in this amount out of considerations of efficiency in disbursing class members' payouts.

Accordingly, the Court grants Roffe $40,764.67 in total for reimbursement of additional costs and expenses.

I.  Conclusion

Accordingly, the Court grants Co-Lead Counsel's motion for additional litigation costs and expenses. (ECF No. 423.) Each Co-Lead Counsel shall receive reimbursement for additional litigation-related costs and expenses as follows:

| | |
|---|---|
| Proskauer Rose LLP: | $24,265.96 |
| Deus, Riaz & Targ, LLP: | $18,446.09 |
| Law Offices of Saul Roffe, Esq. P.C.: | $40,764.67 |

SO ORDERED.

Dated: New York, New York
       June 19, 2018

_____
LORETTA A. PRESKA
Senior United States District Judge